UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORPE DESIGN, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>VIKING CORPORATION, THE, et al.,<br><br>  Defendants. | Case No. 15-cv-03324-EDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

**Introduction**

Plaintiff Thorpe Design Inc. filed suit against The Viking Corporation, Viking Group, Inc., and Supply Network Inc. dba Viking Supplynet (collectively "Defendants") in Contra Costa Superior Court alleging negligence, products liability, unfair business practices, breach of the implied warranties of merchantability and fitness for a particular purpose, implied indemnity, and declaratory and injunctive relief. Defendants timely removed the complaint to this Court on the basis of diversity and now move to dismiss the complaint in its entirety. The Court held a hearing on the motion on September 15, 2015. For the reasons stated during the hearing and herein, the motion to dismiss is granted in part with leave to amend.

**Background**

The complaint alleges that Plaintiff is engaged in the business of installation of fire sprinkler systems, and "began purchasing fire sprinkler systems designed, manufactured, and/or supplied by [Defendants], including the Viking 457" approximately five years ago. Compl. ¶ 5-6. According to the complaint, Plaintiff properly installed the fire sprinkler systems, but the fire sprinkler systems were defective. Compl. ¶ 9-11. Plaintiff alleges that the "first premature /faulty activation of a Viking defective sprinkler installed by Plaintiff occurred on or about February 23, 2015." Compl. ¶ 11. When the fire sprinklers failed and improperly discharged, it resulted in

damages and costs to Plaintiff, including future damages, economic losses, and lost profits. Compl. ¶ 20.  Plaintiff further alleges that Defendants knew or should have known that the defective fire sprinklers would be installed without inspection and, if defective, would expose Plaintiff to claims by homeowners and others.  Compl. ¶ 12.  Does 41 through 1000 "are residents of the State of California and homeowners or occupiers of homes in which there are or were defective Viking sprinklers and/or representatives of said homeowners and/or occupiers, who now have, or may have in the future claims against Plaintiff by and for the reasons alleged herein, including indemnity or subrogation claims."  Compl. ¶ 4.  Based on these general allegations, Plaintiff brings claims for negligence, products liability, unfair business practices, breach of the implied warranties of merchantability and fitness for a particular purpose, implied indemnity, and declaratory and injunctive relief.

In its opposition to the motion to dismiss, Plaintiff provides significant additional specificity and background about this dispute.  See Opp. at 1-3.  However, none of the background factual information provided in the opposition is contained in the complaint itself.

**Discussion**

Defendants move to dismiss the complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

    **A.**    **Motion to Dismiss for Failure to State A Claim**

        **1.**    **Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not

1  entitled to the assumption of truth." Id.  Courts must then determine whether the factual
2  allegations in the complaint "plausibly give rise to an entitlement of relief." Id.  Though the
3  plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a
4  motion to dismiss if its factual allegations "do not permit the court to infer more than the mere
5  possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950.  That is to
6  say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible."
7  Twombly, 550 U.S. at 570.

**2.  Discussion**

**a.  Product Liability and Negligence Claim**

Defendants first argue that the complaint fails to state a product liability or negligence[1] claim because it does not identify which fire sprinkler product, part, component, system or model allegedly failed due to a defect in design or manufacture.  To state a claim for products liability against a manufacturer or supplier of a defective product, plaintiff must allege that defendant placed the product on the market in the ordinary course of business, defendant knew the product was to be used without inspection for defects, the product was defective, plaintiff was injured by the product as a proximate result of the defect and plaintiff sustained injuries compensable in money.  See Nelson v. Superior Court, 144 Cal.App.4th 689, 695 (2006).

Defendants argue that they design and manufacture a number of different components and parts, and the vague allegations relating to the failure of a "fire sprinkler system" or "fire sprinkler" are insufficient to allow it to determine its applicable defenses.  Plaintiff counters that it need not identify the specific component or model of the allegedly defective product, and that in any event Defendants have fair notice of the claims against them in light of paragraph 6, which states: "Approximately five (5) years ago, Plaintiff began purchasing fire sprinkler systems designed, manufactured, and/or supplied by Defendants . . . including the Viking 457."  Paragraph 31 of the complaint also mentions the "Viking 457" but does not provide any explanation as to

---

[1] Plaintiff argues that Defendants' motion did not address the negligence claim, and so it is unchallenged.  However, the Court construes Defendants' argument relating to failure to identify the specific product or component at issue as relating to both the product liability and negligence claims.

3

how or why it is defective.  Plaintiff also relies on the background information contained in its opposition to argue that Defendants have notice of the claims, but this information cannot be considered on a motion to dismiss.

The complaint is overly vague as to what product is at issue.  Though there are two references to the Viking 457, the complaint is not limited to this product and generally refers to fire sprinklers or fire sprinkler systems throughout without any indication as to which portion of the systems are allegedly defective.  The motion is granted with respect to these claims.  The complaint shall be amended to include the specific factual allegations regarding which portion of Defendants' fire sprinkler systems are at issue by September 29, 2015.

### b. Implied Warranty claims

Defendants argue that the claims for implied warranties of merchantability and fitness for a particular purpose fail because there must be privity between Plaintiffs and Defendants.  See Rodrigues v. Campbell Industries, 87 Cal. App. 3d 494, 500 (1978) ("On the matter of liability under a breach of warranty theory, with certain exceptions not applicable here, privity between the plaintiffs and defendants remains a requirement for actions based upon the implied warranty of merchantability . . . as well as the implied warranty of fitness.").  Defendant argues that the complaint does not properly allege privity because it fails to identify the end user or residential homeowner who had the fire sprinklers or fire sprinkler systems installed and suffered the actual losses, whereas Plaintiff was merely an installer of the product who had no direct injury or damage.  However, there is no requirement that privity be between a manufacturer and an end user, and there is privity between the manufacturer and an installer who purchased the product to install in third party homes.  The implied warranty claims do not fail on this basis.

However, the allegations regarding implied warranty claims are insufficient because they merely recite the elements of the claims without any explanation of what was warranted, the alleged breach, or any resulting damages.  See Compl. ¶ 34-58.  "[A]llegations in a complaint may not simply recite the elements of a cause of action, nor can they be bald or conclusory; rather, they 'must plausibly suggest an entitlement to relief.'"  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  The motion is granted with respect to these claims, with leave to amend to provide

4

appropriate factual foundation for the breach of warranty claims by September 29, 2015.

### c. Implied Indemnity claims

Defendants contend that the "implied indemnity" claim should be dismissed because California law only recognizes "express indemnity" and "equitable indemnity," neither of which is properly pled in the complaint. Generally, "indemnity refers to "the obligation resting on one party to make good a loss or damage another party has incurred." Rossmoor Sanitation, Inc. v. Pylon, Inc., 13 Cal.3d 622, 628 (1975). There are two basic types of indemnity: express indemnity and equitable indemnity. Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1157 (2009) (internal citations omitted). Implied contractual indemnity is a form of equitable indemnity. Id.

Defendants argue that Plaintiff cannot state a claim for implied equitable indemnity because the parties to whom Plaintiff and Defendants are allegedly joint tortfeasors – the end-user residential homeowners – are not parties to this action. However, Defendants do not cite any authority requiring Plaintiff to name the party originally harmed in order to plead implied equitable indemnity, and Plaintiff alleges that it has been directly damaged because it was required to pay claims arising from Defendants' defective fire sprinklers. See Compl. ¶ 60. Defendants also argue that the complaint does not state a claim based on implied contractual indemnity because there is no contract identified in the complaint. However, Plaintiff does not appear to be relying on a theory of implied contractual indemnity so this is beside the point.

The motion is denied as to the implied indemnity claim.

### d. Other claims

Defendants did not specifically challenge the Unfair Business Practices and Declaratory/Injunctive Relief claims or explain why they are improper, so there is no basis on which to dismiss these claims.

## B. Motion to Dismiss for Failure to Join Indispensable Party

Defendants also move to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. Rule 19 governs whether joinder of an absent party is essential in a particular case, and it requires a court to engage in "three successive inquiries." EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005).

First, the court must determine whether the person or party to be joined is "necessary." Id. A party is necessary if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." Peabody W. Coal Co., 400 F.3d at 779. There are three circumstances in which joinder is not feasible under Rule 19(a): "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." Id.; see also Fed. R. Civ. P. 19(a). Third, if joinder is not feasible, "the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." Peabody W. Coal Co., 400 F.3d at 779. A party is indispensable "if in 'equity and good conscience,' the court should not allow the action to proceed in its absence. Dawavendewa v. Salt River project Agric. Improvement and Power Dist., 276 F.3d 1150, 1161 (9th Cir. 2002). In determining whether a party is indispensable, courts must balance the following four factors: "(1) the prejudice to any party or the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum." Dawavendewa, 276 F.3d at 1161–62; Fed. R. Civ. P. 19.

According to Defendants, the homeowners are necessary parties because there cannot be a final determination of rights and there is a substantial risk of multiple liability or inconsistent obligations if the homeowners are not joined because they may try to recover overlapping damages from Defendants. Though it is arguable whether the homeowners could be considered "necessary" parties because they might make claims directly against Defendants and disposing of this action without their involvement could potentially expose Defendants to multiple liability,

these concerns could be addressed through an offset to any future damages recovered by homeowners in other actions.  Further, joining the homeowners in this case is not feasible because it would destroy diversity given that they are alleged to be California homeowners and Plaintiff is a California corporation.  Defendants' motion brought pursuant to Rule 12(b)(7) is denied.

**IT IS SO ORDERED.**

Dated: September 15, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge